IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CHRISTOPHER REGINALD HINES,    )
                               )
            Petitioner,        )
                               )
v.                             )        Civil Action No. 3:09CV164-HEH
                               )
PATRICIA STANSBERRY,           )
                               )
            Respondent.        )

MEMORANDUM OPINION
(Denying 28 U.S.C. § 2241 Petition)

Petitioner, a federal prisoner proceeding *pro se*, was convicted of conspiracy to

defraud and conspiracy to commit money laundering, and sentenced to a 188-month term of

imprisonment by the United States District Court for the Western District of North Carolina

(hereinafter "the Sentencing Court"). Petitioner's first 28 U.S.C. § 2255 motion is currently

pending in the Sentencing Court. Petitioner now has submitted a petition for a writ of

habeas corpus under 28 U.S.C. § 2241. Petitioner claims that, because his § 2255 motion

has been pending in the sentencing court for eighteen months, he is entitled to immediate

release.

By Memorandum Order entered on April 17, 2009, the Court explained to Petitioner

that this action must proceed under 28 U.S.C. § 2255 unless Petitioner demonstrates that the

remedy afforded by 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his

detention. *See Swain v. Pressley*, 430 U.S. 372, 381 (1977); *In re Vial*, 115 F.3d 1192,

1194 (4th Cir. 1997). The Court ordered Petitioner to show cause, within eleven (11) days

of the date of entry thereof, for allowing this action to proceed under § 2241.  More than

eleven days have elapsed, and Petitioner has not responded.

 The United States Court of Appeals for the Fourth Circuit has explained that:

> § 2255 is inadequate and ineffective to test the legality of a
> conviction when:  (1) at the time of conviction, settled law of
> this circuit or the Supreme Court established the legality of the
> conviction; (2) subsequent to the prisoner's direct appeal and
> first § 2255 motion, the substantive law changed such that the
> conduct of which the prisoner was convicted is deemed not to
> be criminal; and (3) the prisoner cannot satisfy the gatekeeping
> provisions of § 2255 because the new rule is not one of
> constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000).  The instant petition includes no claim

based on any new rule of non-constitutional law.  Accordingly, the petition will be

DENIED.  The action will be DISMISSED.

 The Clerk is DIRECTED to send a copy of the Memorandum Opinion to

Petitioner.

 An appropriate Order shall issue.

/s/

Henry E. Hudson
United States District Judge

Dated: July 27 2005
Richmond, Virginia