IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | |
|---|---|
| CHRISTOPHER REGINALD HINES, ) ) Petitioner, ) ) v. ) ) PATRICIA STANSBERRY, ) ) Respondent. ) | Civil Action No. 3:09CV164-HEH |

## MEMORANDUM OPINION
(Denying Motion to Reconsider)

Petitioner, a federal prisoner proceeding *pro se*, was convicted of conspiracy to defraud and conspiracy to commit money laundering, and sentenced to a 188-month term of imprisonment by the United States District Court for the Western District of North Carolina (hereinafter "the Sentencing Court"). Petitioner's first 28 U.S.C. § 2255 motion is currently pending in the Sentencing Court. Petitioner submitted a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in this Court, claiming that, because his § 2255 motion had been pending in the sentencing court for eighteen months, he is entitled to immediate release.

By Memorandum Order entered on April 17, 2009, this Court explained to Petitioner that this action must proceed under 28 U.S.C. § 2255 unless Petitioner demonstrates that the remedy afforded by 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention. *See Swain v. Pressley*, 430 U.S. 372, 381 (1977); *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). Petitioner did not respond. Accordingly, on July 28, 2009, the Court dismissed the petition.

On August 7, 2009, Petitioner executed and presumably mailed the instant motion to reconsider.[1] Petitioner explains that he "was not attacking [his] conviction or sentence but was attacking the § 2255 procedure itself," and asks the Court to "rule on the (one) and only issue that I raised in my § 2241 motion, which is a . . . delay [that] entitles me to bail pending processing of my § 2255. . . ." (Mot. to Reconsider 1.) Because Petitioner filed his motion fewer than ten days after the dismissal of this action, it will be treated as a Rule 59(e) motion. *See* Fed R. Civ. P. 59(e). *Dove v. Codesco*, 569 F.2d 807, 809 (4th Cir. 1978).

"Rule 59(e) permits a court to amend a judgment within ten days for three reasons: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" *EEOC v. Lockheed Martin Corp., Aero & Naval Sys.*, 116 F.3d 110, 112 (4th Cir. 1997) (quoting *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir.1993)). In other words, it is a means by which the district court can correct its own mistakes, thereby "sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (internal quotations omitted). Petitioner has failed to show any clear error of law or manifest injustice. Petitioner merely reiterates the same grounds for relief already rejected by the Court. Accordingly, Petitioner's motion to reconsider will be DENIED.

---

[1] The motion is deemed filed as of that date. *Houston v. Lack*, 487 U.S. 266 (1988).

2

The Clerk is DIRECTED to send a copy of the Memorandum Opinion to Petitioner.

An appropriate Order shall issue.

                                                /s/
                                    Henry E. Hudson
                                    United States District Judge

Dated: Sept 8, 2005
Richmond, Virginia